IN

# THE SUPREME COURT

OF

# *PENNSYLVANIA.*

SOUTHERN DISTRICT—OCTOBER TERM, 1831.

GALLAGHER *against* NEAL.

3 PW 183
206      295

### IN ERROR.

The act of the 28th of March, 1814, against "any officers taking greater or other fees, &c., than are expressed and limited in the bill, being penal in its consequence must be strictly construed, and therefore the case of taking fees by a person *out of office,* for services rendered while in office, is not within the act, and such person is not liable for taking such fees illegally.

In this cause which was brought up from the Common Pleas of Cumberland County by writ of error, a special verdict was found, which was in substance as follows: *James Neal* was sheriff of that county, and his office expired in October, 1825. During the time he was in office, process of execution was executed by him in favor of *Thomas Gallagher*, and after his office expired he demanded and received from the said *Thomas*, (who had become liable to pay the costs of the said process,) a sum of money, as fees and costs, which was more than by law he was entitled to receive, by the sum of one dollar and seventy-five cents. This suit was brought to recover a penalty of fifty dollars for taking greater fees than is allowed by the act of assembly, for the execution of the said process; and the question submitted for the opinion of the court was, whether the defendant was liable under the act of the 28th of March, 1814, to the penalty for taking, after his office expired, such fees, for services rendered while he was in office. The court below gave judgment for the defendant.

*Gallagher* and *Alexander* for the plaintiff in error referred to

(Gallagher v. Neal.)

*Share & Anderson's Executors*, 7 *Serg. & Rawle*, 93. 8 *Serg. & Rawle*, 69. *McNally's Evidence*, 485. *Lyon's Executors* v. *McManus*, 4 *Bin.* 167. *The Commonwealth* v. *Wolf*, 3 *Serg. & Rawle*, 48. *The Commonwealth* v. *West*, 1 *Rawle*, 29. *Purdon's Digest*, 123.

*Penrose* for the defendant in error cited 5 *Wheaton*, 95. *Meredith's Adminsitrators* v. *Cist*, 7 *Serg. & Rawle*, 185.

GIBSON, C. J. delivered the Court's opinion.

It was not till the year 1818 that the subject of fees received by persons out of office attracted the notice of the legislature, as it was not till then that a particular law was passed subjecting them to the tax that had before been laid on fees generally. These outstanding fees were then first discovered to be of such magnitude as to require particular provision. Thus it would seem that in 1814 when the act was passed on which the question before us turns, the legislature had not adverted to the fact, that retired or displaced officers have usually a large amount of fees to be collected for them by their successors or a justice of the peace; and having been suffered to pass without provision in a law imposing a tax on particular officers and by a legislature presumed to be as careful of the interests of the public as of individuals, it is fair to infer that these fees were not intended to be embraced by any general regulation on the subject. This inference acquires force also from a provision in this same act of 1814, by which the officer was commanded to set up in a conspicuous part of his office, as a further guard against extortions, a table of the fees demandable by him; which could not be done by one who keeps no office; and in all other respects, both the spirit and the letter which speaks of officers and not persons throughout, is inapplicable to the act of one who was not an officer at the time. Taking by an officer is certainly not predicable of the act of one who merely had been an officer; and there is good reason, beside, why it should not be subjected to the same penalty. The facility which office affords to oppression, is too apparent to require remark, especially an executive office the power of which extends to the seizure of person and property. The exaction of dues by means of such a power may require it to be guarded by penalties that are wholly unnecessary in the enforcement of a demand that has been reduced to the ordinary condition of a simple contract debt recoverable before a justice of the peace. Indeed if a claimant of the latter class were exposed to the panalty at all, he would incur it by recovering, even through the process of the law, more than was justly demandable, the words of the act being sufficiently comprehensive to embrace every sort of taking. These considerations in connection with the phraseology of the enacting clause, lead to an inference that the penalty was not provided for a case like the present.

(Gallagher *v.* Neal.)

Undoubtedly it does not stand in the same degree of mischief as a taking by virtue of the power and influence of office; and had there been an intent to declare it criminal, it is reasonable to suppose, it would have been subjected to a milder punishment. But whatever we might suspect the design of the legislature to have been, the law, being penal in its consequences, must be strictly construed, and the case is, therefore not within its purview.

Judgment affirmed.